CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
11/15/2017
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| KYLE CARRINGTON, | CASE NO. 6:17–CV–00068 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION |
| LIBERTY UNIVERSITY, *ET AL*, | |
| *Defendants.* | JUDGE NORMAN K. MOON |

This suit concerns defamation and Title IX claims arising out of an alleged sexual assault. Plaintiff Kyle Carrington ("Carrington") alleges that Defendant Sarah Browning ("Browning") defamed him by falsely reporting that he sexually assaulted her. He separately alleges that Liberty University and Len Stevens defamed him and violated Title IX through their handling of those allegations. This opinion deals only with the claims made against Browning. Under Rule 12(b)(6), Browning asked the Court to dismiss the two claims against her, for defamation and defamation *per se*, as barred by the statute of limitations. Browning was correct, and so the Court granted her motion in its previous order. This opinion explains that order.

**I. LEGAL STANDARD**

"In ruling on a 12(b)(6) motion, a court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations

and quotation marks omitted). Stated differently, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

## II. FACTS AS ALLEGED

Carrington was a student and football player at Liberty University. (Compl. ¶ 1). He met Browning, a fellow Liberty student, at a large house party in August 2015. (*Id.* ¶ 17). Purportedly, Browning asked Carrington and Cameron Jackson to join her outside. (*Id.* ¶ 18). Once outside, Browning allegedly offered and performed oral sex on Carrington and Jackson. (*Id.* ¶¶ 20–21). The trio was interrupted by approaching party-goers and returned to the party. (*Id.* ¶¶ 23–24). The Lynchburg Police Department later disbanded the party due to a noise complaint. (*Id.* ¶¶ 27, 29). Browning allegedly did not appear to be under the influence of any drugs or alcohol, and she did not report the sexual encounter to the Police. (*Id.* ¶¶ 26, 28, 33).

Months later, Browning was "administratively withdrawn" (*i.e.* expelled) from Liberty for violations of the school's honor code. (Compl. ¶ 59). Browning began to speak negatively about Liberty, telling her friends that she could "take down" the football team. (*Id.* ¶ 62). On July 13, 2016, Browning contacted Liberty and reported that the 2015 sexual encounter with Carrington was non-consensual. (*Id.* ¶¶ 63–65). She further alleged that she was raped while under the influence of alcohol or some other drug that prevented her consent. (*Id.* ¶¶ 66–67). Liberty immediately began an investigation into Browning's claims. (*Id.* ¶¶ 76–82).

On September 8, 2016, this investigation culminated in a hearing before the Conduct Review Committee. (Compl. ¶ 83). The next day that committee notified Carrington that he was in violation of the Liberty Sexual Harassment, Discrimination, and Assault Policy, and that he would be expelled. (*Id.* ¶¶ 84–89, 95). Carrington appealed the decision. (*Id.* ¶ 96). On

2

September 12, 2016, while his appeal was pending, Liberty issued a press release that announced Carrington had been found in violation of Liberty's Honor Code and sexual assault policy. (*Id.* ¶ 103; dkt. 1-2 at ECF 39). The press release specified that an appeal process and concurrent police investigation were ongoing, and so Liberty would not provide further details about the incident. (Dkt. 1-2 at ECF 39). The local press picked up the story. (Compl. ¶ 106).

Carrington's appeal hearing occurred on October 3, 2016. (Compl. ¶ 125). Plaintiff was assisted by counsel at the hearing. (*Id.* ¶ 129). The finding of sexual assault was ultimately upheld, and Plaintiff's expulsion sustained. (*Id.* ¶¶ 134, 182). On September 11, 2017, Carrington filed this suit in the Circuit Court for the City of Lynchburg, Virginia, (dkt. 1-1 at ECF 50), and the case was removed to federal court on October 6, 2017. (Dkt. 1).

### IV. ANALYSIS

Two of these facts are most relevant to the current inquiry. First, Carrington alleges that Browning's defamatory verbal and written statements were made on July 13, 2016. (Compl. ¶¶ 304–308). And second, Carrington filed this suit on September 11, 2017, over one year later. (Dkt. 1-1). Virginia, whose law applies here, has a one-year statute of limitations for defamation claims. Va. Code § 8.01-247.1. Despite his protestations, Carrington's claim against Browning accrued when Browning made the allegedly defamatory statements on July 13, 2016. Carrington filed his suit against Browning too late, and so the Court granted the motion to dismiss in its previously issued order.

Carrington's two claims against Browning, for defamation and defamation *per se*, rise and fall together.[1] Va. Code § 8.01-247.1 provides the statute of limitations for both claims:

---

[1] "The elements of defamation are (1) publication of (2) an actionable statement with (3) the requisite intent. To be actionable, the statement must be both false and defamatory." *Tharpe*

"Every action for injury resulting from libel, slander, insulting words, or defamation shall be brought within one year after the cause of action accrues." The cause of action accrues "on the date that the defamatory acts occurred." *Askew v. Collins*, 283 Va. 482, 487 (Va. 2012).

The cause of action here began accruing on July 13, 2016 because Carrington alleges that Browning's defamatory act (*i.e.* telling Liberty that Carrington raped her) occurred on that date. (Compl. ¶¶ 304-07). *See Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 914 (E.D. Va. 2004) ("This is so because in Virginia, a tortious cause of action arises on the date the injury is sustained, or, in the case of a defamation cause of action, on the date of publication."); *Thalhimer Bros. v. Shaw*, 156 Va. 863, 871 (Va. 1931) ("Publication sufficient to sustain common-law defamation is uttering the slanderous words to some third person so as to be heard and understood by such person."). To be sure, Liberty's subsequent hearings allegedly led to further injury to Carrington. But while "subsequent distribution of a defamatory statement may continue to increase plaintiff's compensable damages, it does not create independent actions or start the statute of limitations running anew." *Katz*, 332 F. Supp. 2d at 918.[2] Because Browning filed her report on July 13, 2016, and Carrington did not file suit until September 11, 2017, Carrington's claims against Browning are time-barred by the one-year statute of limitations.

Carrington asks for leave to amend his complaint. (Dkt. 11 at 6–7). It is appropriate for a district court to deny a motion to amend when "the amendment would have been futile."

---

*v. Saunders*, 285 Va. 476 (Va. 2013) (quotations and citations omitted). Defamation *per se* includes words that "impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished." *Tronfeld v. Nationwide Mut. Ins. Co.*, 272 Va. 709, 713 (Va. 2006) (internal citation omitted).

[2]   Statements made at the subsequent hearings may, or may not, be sufficient to state claims *against Liberty*, but there are no allegations that tie Browning or her statements to these later hearings.

4

*Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). Carrington's request is denied because amendment would be futile. The only allegations about Browning are in July 2016. To the extent Carrington wants to add later facts about Browning, these new allegations would not "relate back" to the complaint because a new defamatory publication constitutes a separate claim. *See English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.*, 172 F.3d 862 (Table), 1999 WL 89125, *3 (4th Cir. Feb. 23, 1999) (citing Fed. R. Civ. P. 15(c)); *Katz*, 332 F. Supp. 2d at 917-18. Furthermore, Carrington requests for leave to amend in his brief in response to the motion to dismiss—not in a motion to amend or a proposed amended complaint. "Regardless of the merits of the desired amendment, a district court does not abuse its discretion by declining to grant a motion that was never properly made." *Drager*, 741 F.3d at 474–75 (internal citation and quotation marks omitted). Carrington's request to amend is denied.

## V. CONCLUSION

Carrington's defamation claims are barred by Virginia's one year statute of limitations. Moreover, granting leave to amend would be futile. Accordingly, the Court granted Browning's motion to dismiss the only claims against her, Count VII and Count VIII, as time-barred.

The Court issued an Order to this effect on November 14, 2017, (dkt. 18), and the Clerk of the Court is hereby directed to send a copy of this Memorandum Opinion to Plaintiffs, Defendants, and all counsel of record.

Entered this 15th day of November, 2017.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE